IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LONDALE MADISON,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**ANTHONY WILLS,**<br>*Head Warden Menard CC,*<br>**KEVIN REICHERT,**<br>*Asst Warden of Operations Menard CC,*<br>**MS. KLAUSIE,**<br>*Mental Health Worker Menard CC,*<br>**C/O TYNER,**<br>*Protective Custody Unit,*<br>**C/O KNIGHT,**<br>*Protective Custody Unit,*<br>**C/O JOHN DOE 1,**<br>*Protective Custody Unit,* **and**<br>**JOHN DOE 2,**<br>*Placement Office Supervisor*,[1]<br><br>        **Defendants.** | Case No. 25-cv-01628-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

      Plaintiff Londale Madison, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pontiac Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while he was at Menard Correctional Center. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant

---

[1] For clarity, the Court renames Defendants "John Doe, *C/O, Protective Custody Unity,*" as "C/O John Doe 1, *Protective Custody Unit,*" and "Placement Officer, *Supervisor*" as "John Doe 2, *Placement Office Supervisor.*" The Clerk of Court is **DIRECTED** to modify the docket accordingly.

who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff alleges the following: On January 28, 2025, Plaintiff was moved to cell 418 located in "West Protective Custody." (Doc. 1, p. 6). Upon Plaintiff's arrival to the cell, his new cellmate told Plaintiff in front of the gallery officer, Correctional Officer John Doe 1, that Plaintiff, "wasn't moving in the cell with him." Plaintiff told the cellmate that he had been assigned to the cell and that he did not want any trouble. Plaintiff could tell from the beginning that he and the cellmate were incompatible. A few hours after moving into cell 418, the cellmate told Plaintiff that he was a predator. Plaintiff became immediately scared for his safety. That same day, whenever Plaintiff would standup and walk inside the cell, the cellmate too would standup and walk past Plaintiff brushing his groin against Plaintiff's anus. Plaintiff wrote a note to Correctional Officer John Doe 1 informing him about the "serious situation" and asking to be moved to a different cell. Correctional Officer John Doe 1 did not take any steps to ensure Plaintiff's safety. Later that night, Plaintiff sent a letter to John Doe 2, the placement office supervisor, requesting to be moved. Plaintiff did not receive a response. (*Id.*).

On February 5, 2025, Plaintiff's cellmate forced Plaintiff to perform oral sex on him. (Doc. 1, p. 6). The cellmate threatened Plaintiff with physical violence if Plaintiff refused. Following the sexual assault, later that day, Plaintiff wrote again to John Doe 2, and he also wrote to Assistant Warden of Operations Kevin Reichert. (*Id.* at p. 8). Plaintiff sent a second letter to Reichert on February 9, 2025, pleading to be moved out of his cell. (*Id.*). Plaintiff did not receive a response to any of his letters and was not moved. (*Id.* at p. 6, 8). Plaintiff wrote notes to the gallery officers, Correctional Officers John Doe 1, Tyner, and Knight, informing them that his cellmate was raping him. Plaintiff did not receive any assistance from John Doe 1, Tyner, or Knight. On February 11,

2025, Plaintiff wrote to Warden Anthony Wills but again, did not receive a response. (*Id.*).

Plaintiff spoke to Ms. Klausie, a mental health staff member, on February 19, 2025. (Doc. 1, p. 8). Plaintiff told Klausie that he had been sexually assaulted by his cellmate and asked to be moved. Klausie told Plaintiff that "it was out of her hands." (*Id.*).

That same day, on February 19, 2025, Plaintiff was attacked by his cellmate. (Doc. 1, p. 9). Plaintiff screamed for help, and Correctional Officer Knight came to the cell and sprayed Plaintiff and his cellmate with mace. Plaintiff and his cellmate were taken to North II segregation. Plaintiff was "oral[ly] and annually raped" by his cellmate four times during the time they were housed together. A rape kit was done on Plaintiff, but he did not receive the results. (*Id.*).

Plaintiff asserts that security staff follow a policy, custom, or practice that has been "pre-approved" by Warden Wills that dissuades inmates from seeking protection from their cellmates. (Doc. 1, p. 8, 9). Pursuant to the policy, custom, or practice, an inmate who is in need of protection from a cellmate and seeks a cell transfer is ignored until the situation escalates into a physical fight, at which point both inmates are maced and placed in segregation. (*Id.*).

## PRELIMINARY DISMISSALS

Plaintiff asserts that when he first attempted to file this lawsuit his original complaint and exhibits were confiscated by security staff in retaliation for and to prevent him from initiating this case. (Doc. 1, p. 9). This allegation, however, is not associated with any conduct on the part of named Defendants. Accordingly, any claim Plaintiff is intending to bring regarding the confiscation of his documents is dismissed.

## DISCUSSION

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following count:

      **Count 1:**    Eighth Amendment failure to protect claim against Wills, Reichart, Klausie, Tyner, Knight, John Doe 1, and John Doe 2.[2]

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[3] pleading standard.**

      To state a claim for failure to protect, a plaintiff must first demonstrate, objectively, that he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Second, the prison official must have actual knowledge of the risk to the inmate and then failed to act to prevent the harm. *Id.* The plaintiff must allege more than "a generalized risk of violence…for prisons are inherently dangerous places." *Wilson v. Ryker,* 451 F. App'x 588, 589 (7th Cir. 2011) (internal citations and quotations omitted). Instead, a plaintiff "must allege a tangible threat to his safety or well-being" and "a substantial risk of future harm." *Id.*

      Plaintiff asserts that he notified John Doe 1 and John Doe 2 that he feared for his safety from his cellmate. His cellmate then sexually assaulted him and at some point, raped him. Plaintiff continued to notify John Doe 1, John Doe 2, Reichart, Tyner, Knight, Wills, and Klausie, but no one took action to move Plaintiff to another cell or otherwise secure his safety, until Plaintiff was attacked by his cellmate on February 19, 2025. These allegations are sufficient for Count 1 to proceed against Wills, Reichart, Klausie, Tyner, Knight, John Doe 1, and John Doe 2.

---

[2] Plaintiff states that he is bringing his claims under the Fourth, Eighth, and Fourteenth Amendments. (Doc. 1, p. 10). The Court will examine Plaintiff's claim of failure to protect under the Eighth Amendment only, and any claims brought under the Fourth and Fourteenth Amendments are dismissed. *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 842 (1998) (where a claim is covered by a more specific constitutional provision, such as the Eighth Amendment, the Supreme Court has held that the claim must be analyzed under the standard appropriate to that specific provision instead of substantive due process).

[3] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

To the extent Plaintiff is also attempting to hold Warden Wills personally liable for his constitutional deprivation due to the implementation of a prison policy or practice, such claim is dismissed. Plaintiff asserts that security staff ignored his requests for a cell transfer because they were following a policy or practice, "pre-approved" by Wills. (Doc. 1, p. 8, 9). Other than describing his own personal experience, Plaintiff does not provide any facts to support his conclusory claim that there was a prison-wide policy and that Defendants were acting pursuant to such policy at the direction of Wills. *See Sinn v. Lemmon,* 911 F. 3d 412, 423 (7th Cir. 2018) ("an inmate cannot show a widespread practice of an unconstitutional nature, such as a custom of ignoring prison policy, by pointing to isolated incidents of inmate-on-inmate brutality") (internal citations and quotations omitted). Plaintiff states that when he sought assistance from Klausie she responded that the situation "is out of her hands." (Doc. 1, p. 8). This singular statement, however, is not sufficient for the Court to plausibly infer liability against Wills based on an unconstitutional policy. *See* FED. R. CIV. P. 8; *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**PENDING MOTIONS**

Plaintiff has filed two motions seeking the return of exhibits, including letters and grievances, that he states were confiscated by Correctional Officers James, Rawson-Locksmith, and Flemming. (Doc. 2, p. 2; Doc. 10, p. 1). Plaintiff asks the Court to order Defendants to return these documents so that they can be filed with the Complaint. The motions are **DENIED**. Plaintiff has not successfully asserted a denial of access to courts claim, and he is currently proceeding on a single Eighth Amendment claim for failure to protect. Thus, his request for immediate injunctive relief pertaining to confiscated documents is outside the scope of this lawsuit. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Daniels v. Dumsdorff, No.* 19-cv-00394-NJR, 2019 WL 3322344 at *1 (S.D. Ill., July 24, 2019). Additionally, exhibits are not required when filing a

complaint in federal court and are strongly discouraged in this District.

Plaintiff has filed motions asking the Court to abide by the contract he has entered into with his jail house lawyer, Bobby Ford, and to send Ford a copy of any document filed in this case. (Doc. 3, 14). Plaintiff also requests that the Court add Ford as a plaintiff to this case so that Ford will automatically receive any document entered by the Court or Defendants. (Doc. 16). The motions are **DENIED**. As a non-lawyer, Ford "may not represent [others] in the federal courts," *Johnson v. Bank One N.A.*, 90 F. App'x 956, 957 (7th Cir. 2004). He also cannot assert the rights of or seek relief on behalf of other inmates, including Plaintiff; nor can Ford file or sign papers on Plaintiff's behalf. FED. R. CIV. P. 11(a). *See Kalinowski v. Ill. Cent. Mgmt.*, No. 08-cv-14-MJR, 2008 WL 2001966 at *1 (S.D. Ill. May 7, 2008). Plaintiff is free to share his legal materials and obtain assistance from anyone he chooses, but all pleadings, written motions, and other papers must be signed and filed by Plaintiff personally, since he is unrepresented. FED. R. CIV. P. 11(a). Because Ford is not a party in this case or an attorney of record, the Clerk of Court is **DIRECTED** to **STRIKE** the motions at Doc. 17 and Doc. 18, as they were signed and filed by Ford, not Plaintiff. A copy of this Order shall be sent to Bobby Ford. Ford is **DIRECTED** to cease filing any documents in this case.

The motion for status is **DEEMED moot** in light of this Order. (Doc. 19).

## DISPOSITION

**IT IS HEREBY ORDERED** that the Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. The Clerk of Court is **DIRECTED** to correct Defendants' names on the docket in accordance with footnote 1. **COUNT 1** shall proceed against Wills, Reichert, Klausie, Tyner, Knight, John Doe 1, and John Doe 2.

The Clerk of Court is **DIRECTED** to **ADD** Matthew Plummer, the current day-to-day

warden at Menard Correctional Center, in his official capacity only for the purpose of assisting the Court in identifying the John Doe Defendants.

Because this suit includes allegations of physical injury, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for Plummer (official capacity only), Wills, Reichert, Klausie, Tyner, Knight, and John Does 1 and 2 (once identified) the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

With the exception of Plummer, the Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, the Defendants only need to respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. See 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to mail a copy of this order to Bobby Ford #N20126 at Pontiac Correctional Center. Ford is **DIRECTED** to **CEASE** from filing further documents in this case.

**IT IS SO ORDERED.**

**DATED: January 6, 2025**

                                                *s/Stephen P. McGlynn*
                                                **STEPHEN P. MCGLYNN**
                                                **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.